**7806**

No. 7806

- - - - - -

Court of Appeal - Parish of Orleans.

- - - - - -

Henry L. Hyman

versus

Continental Casualty Company

- - - - - -

- - - - - -

By Dinkelspiel, J.

- - - - - - - - - - -

**7806**

## By Dinkelspiel, J.

Plaintiff sues defendant, being indebted to him in the sum of $1,698.80 with interest from judicial demand under a policy of accident and casualty insurance, insuring him against bodily illness and disease, contracted and begun whilst the rider of said policy was in force.

Defendant admits its liability in the sum of $478.47, whibh plaintiff admits to have received, but contends that there remains due him the sum of $219.00 while he was ill, being an indemnity for the periods between December 6th, 1916, and April 9th, 1917. The remainder of the claim being made up of attorney's feds claimed in the sum of $300.00 and double the sum of $219.00, which plaintiff alleges he is entitled to as a penalty because of the refusal of defendant to pay said sum promptly without just and due reasonable grounds as provided for under Act 310 of 1910, at page 527.

Defendant admitting, as stated, its liability in the sum of $478.47, as aboves set forth, denies any other liability whatever, claiming that it has complied withs all of the terms and conditions of its policy in making this payment, and prays that plaintiff's demand for any additional amount be rejected at his cost.

The judge a quo rendered judgment in favor of plaintiff for the sum of $219.00 and in his written reasons for judgment says substantially that plaintiff was entitled to this sum because he was convinced that plaintiff was absent and away from his business, unable to attend thereto except to draw checks, and coming to the City only to consult with his physician, which fact,

in his opinion, made defendant liable for the $219.00, but dismissed plaintiff's demands for attorney's fees and double penalty. From this judgment *this Court plaintiff* defendant has appealed, and in *~~~~~~~~~~~* has prayed that his original demand for damages and attorney's fees be added to the amount the Court gave judgment for, to-wit, $219.00.

In our view, in the determination of the issues herein presented and upon an examination of the policy of insurance upon which this claim is based, and more particularly that part being part 1 of the health and operation rider of the policy, which reads as follows: "In the event that the insured shall suffer from any bodily sickness or disease which is contracted and began while this rider is in force, as hereinafter provided, this company will pay for loss of time which actually and necessarily results from such sickness and disease as follows: A. For loss of time during confinement said weekly indemnity. B. For loss of time during convalescence one-half of said weekly indemnity." "Loss of time during confinement" as herein used means that period of time during which the insured is rendered continuously and unable to transact each and every part of his business duties and is also necessarily confined within the house, and has therein *employed* a legally qualified physician.

"Loss of time during convalescence" as herein used means that period of time during which the insured is rendered continuously unable to transact each and every part of his business duties and is under treatment by a legally qualified physician, although not necessarily confined to his house.

An examination of the record convinces us that during the period beginning December 6, 1916, and ending

490

April 9, 1917, plaintiff was not a well man. On the contrary, the evidence shows that during that period he was under the care of a legally qualified physician whom he consulted two or three times a week, coming from his home, then at Bay St. Louis, Mississippi, to the City of New Orleans simply and solely for that purpose. The evidence also proves that while in the City of New Orleans, he visited his office, signed checks, conversed with his clerks, customers, transacting partially some business with each of them, and therefore under this evidence, as we view it, plaintiff is clearly unable to claim for, "loss of time during confinement ~~within~~ ~~Movement~~", as set out by the health rider, for during that period he was certainly not confined continuously within his home, nor was he there treated by a legally qualified physician.

Plaintiff, therefore, in order to recover for the period in dispute must clearly claim as a convalescent, and this he has done; so suing for one-half of the weekly indemnity which, together with the other portions of the amount due him, he has received.

An examination of all the standard authorities in order to determine if by any possible chance, plaintiff could be brought within the class of "invalids" during the period for which he makes this claim, for unless he was in a state of convalescence from December 6, 1916, to April 9, 1917, he cannot possibly recover under the terms of the policy sued on.

Convalescence under all the definitions given by the standard dictionaries, including Century, Worcester and Webster, covers that period only after an illness

and could by no stress of the imagination be made to cover a period of time prior thereto.

The Standard Century Dictionary, page 1339: "Convalescence. To grow better after sickness; make progress towards the recovery of health." "The gradual recovery of health and strength after sickness; renewal of health and vigor after sickness or weakness." And so, likewise, without further quotations from Worcester and Webster are all the definitions of convalscence in all of the authorities therein quoted.

Thus it is seen that in order to be convalescent, one first must be ill, and this was in our opinion clearly the intention of the defendant company when it made itself liable for health insurance during convalescence.

For the reasons assigned, it is ordered, adjudged and decreed that so far as the judgment of the lower court in favor of plaintiff of $219.00, same is annulled, avoided and reversed, but in so far as it dismisses the claim of plaintiff for double the amount of damages, together with $300.00 additional as attorney's fees, said judgment is affirmed. Cost of both courts to be paid by plaintiff.